IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**SPERO PANAGOULAKOS,**
      **Plaintiff,**

vs.                            Cause No._____

Albuquerque Police Department Officer,
**PATRICIA YAZZIE**, Albuquerque
Police Department Officer **JOHN DOYLE,**
Albuquerque Police Department Officer
Lieutenant **RICARDO GALINDO,**
**THE CITY OF ALBUQUERQUE;**
**RAY SCHULTZ**, in his official capacity
as the Chief of Police of the Albuquerque Police
Department for municipal and supervisory claims.
      **Defendants.**

## COMPLAINT FOR CIVIL RIGHTS VIOLATIONS AND TORT CLAIMS

**COMES NOW** Plaintiff, Spero Panagoulakos, by and through his attorneys, The Barnett Law Firm, P.A., (Colin L. Hunter and Christopher P. Collins), brings this Complaint under the Fourth and Fourteenth Amendment of the Constitution of the United States and the New Mexico Tort Claims Act for his unconstitutional wrongful arrest by City of Albuquerque police officers and their collective subsequent intentional and knowing acts that proximately caused his unconstitutional prolonged detention at the Metropolitan Detention Center ("MDC") without bail or any opportunity to challenge his detention and for the illegal seizure of his vehicle and his firearm.  Plaintiff states as follows in support

thereof:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff is a resident of Bernalillo County, New Mexico.

2. Defendant City of Albuquerque ("City") is a municipality within the meaning of the New Mexico Tort Claims Act. The City is a person within the meaning of 42 U.S.C. § 1983. At all times material hereto, the City was responsible for the operation of the Albuquerque Police Department ("APD") and for claims against it.

3. Defendants Yazzie, Doyle, and Galindo ("individual officer defendants") are individuals employed by the City of Albuquerque as police officers. At all times material, the individual defendants were acting under the color of state law.

4. Plaintiff invokes this Court's pendant jurisdiction for Count IV, a state law claim for negligent hiring, training, and retention of the individual officer defendants. Notice was duly and timely given of Plaintiff's supplemental state tort claim pursuant to the New Mexico Tort Claims Act. (*See* Plaintiff's Tort Claims Act Notice attached as Plaintiff's Exhibit A).

5. The City is responsible for the hiring, retention, training, supervision and discipline of its police officers, and for the promulgation of policies and procedures that govern conduct of its police officers. This includes conduct

surrounding arrests without warrants and detaining subjects and seizing property without justification and contrary to long standing well established constitutionally protected rights. It also includes conduct unbecoming of officers of the law.

6. Chief Ray Schultz is ultimately responsible for all hiring, retention, training, and supervision of officers, as well as the implementation and promulgation of all policies, procedures, customs and usages at the Albuquerque Police Department. The APD Police Chief Defendant has ultimate supervisory responsibility, and is named in that capacity and that capacity alone.

7. At all times material hereto, Defendants were peace officers and law enforcement officers acting either in the course and scope of their 'employment', or within the course and scope of their 'duties' as defined in the Tort Claims Act, or both.

8. Accordingly, jurisdiction and venue are proper in this Court.

## FACTUAL ALLEGATIONS

9. On July 8, 2010 APD officer Patricia Yazzie pulled over the Plaintiff for a minor traffic violation. Without prompting, Plaintiff self disclosed to Yazzie that he had a firearm in the vehicle. APD officers Patricia Yazzie, John Doyle and Lieutenant Ricardo Galindo then collectively and deliberately made the decision to wrongfully arrest Mr. Panagoulakos for allegedly violating an Order of Protection issued on January 20, 2010 ("Order") based solely on his possessing a firearm.

(*See* January 20, 2010 Stipulated Order of Protection attached to Plaintiff's Exhibit A as Exhibit 1).

10.   Then, upon information and belief, the one or more of the individual officer defendants also knowingly and intentionally caused false and misleading information to be transmitted to the Judge and Special Commissioner who issued the Order, the Bernalillo County District Attorney's Office, MDC, and the Bernalillo County Metropolitan Court that proximately caused Mr. Panagoulakos to be illegally detained, without a bond or the opportunity to challenge his detention, for eleven days in the MDC.

11.   This occurred despite the fact that prior to the arrest every individual defendant officer involved reviewed a copy of the Order provided by the Second Judicial District Court directly to the officers, which states in clear and unambiguous language that there was no prohibition or any restriction on Mr. Panagoulakos' possessing a firearm under the terms of the Order or under any local, state, or Federal law.

12.   Despite having actual knowledge that the restraining order did not prohibit Mr. Panagoulakos for possessing a firearm, the individual defendant officers collectively made the decision to arrest him, seize his firearm and vehicle, and then intentionally misrepresent the circumstances of the arrest which

proximately resulted in Plaintiff being subject to an unlawful prolonged detention at MDC.

13. As of the filling of this Complaint, more the ten months from the date of his arrest, Mr. Panagoulakos has yet to regain possession of his vehicle or firearm. Further, as a result of being incarcerated for 11 days, without a bond or the opportunity to challenge his detention, he lost his job, has a criminal arrest record for violating an order of protection, and has been unable to obtain employment since his arrest and incarceration.

14. On the criminal complaint, under penalty of perjury Defendant Yazzie stated that the grounds for arresting Mr. Panagoulakos was under state law NMSA § 40-13-6 for allegedly violating an order of protection. However, under no set of circumstances, can the possession of a firearm alone be a violation of NMSA § 40-13-6.

15. Additionally, upon information and belief, at the time of the arrest the individual defendant officers were fully aware that in New Mexico under no set of circumstances, is the possession of a firearm alone a violation of an order of protection under NMSA § 40-13-6 or any other state law.

16. Under Federal law, not state law, in certain narrow circumstances a state issued order of protection that makes certain findings and was issued under a

specific set of circumstances can trigger possible federal restrictions on firearm possession.

17. This fact is also clearly explained in plain language on every order of protection, including the one at issue in this case, issued in New Mexico using the forms approved by the New Mexico Supreme Court.

18. Under Title 18, U.S.C. § 922(g)(8), to trigger possible federal restrictions of firearm possession a state judge issuing an order of protection must make two critical findings. This is also explained in plain language on the face of the Order that was in the possession and reviewed by the individual defendant officers prior to Mr. Panagoulakos' being wrongfully arrested.

19. First, under Title 18, U.S.C. § 921 (a) (32) there must be a finding that the parties are "intimate partners" which is defined as: "A spouse or former spouse, an individual who is a parent to the child of the defendant and a person who cohabits or has cohabited with the defendant." The definition of intimate partner expressly excludes "a girlfriend or boyfriend with whom the defendant does not and has not resided." *Id.*

20. Second, there must be an express finding of abuse and also a finding that the individual "represents an ongoing credible threat to the physical safety of the intimate partner." *See* Title 18, U.S.C. § 921 (a) (32).

21. In this case, the Special Master and District Court Judge clearly and unambiguously found that the parties were not intimate partners for purposes of Federal law and explicitly stated as such in paragraph one of the Order. Additionally, the person whom sought the order of protection in this case never claimed the parties were "intimate partners."

22. Furthermore, in her application for the Order, she states the parties dated for about three months, never lived together, and did not have children together. (*See* December 19, 2010 Petition for an Order of Protection attached to Plaintiff's Exhibit A as Exhibit 2).

23. Importantly, the Order does not make a finding that an act of abuse occurred much less a finding that Mr. Panagoulakos "represented an ongoing credible threat to the physical safety of the intimate partner." In fact, Paragraph 13 of Order expressly states the neither party admitted that an act of domestic abuse occurred and the Order expressly held that no finding of abuse was made.

24. The fact that the individual defendant officers had a copy of the actual order of protection at issue that states in clear and unambiguous plain English that Mr. Panagoulakos was not restricted, under any of the terms of the Order or under any state or Federal law, from possessing a firearm leads to the irrefutable conclusion that every officer involved knew, or at the very least should have known, that Plaintiff's arrest was unlawful at the time it was made but, for

whatever reasons, made a collective decision to arrest him anyways, have his car towed, seize his firearm, and take actions to cause him to be detained without bond and ensure he would not be able to challenge their decision to arrest him before a judge or any tribunal for a prolonged period of time.

25. In acknowledging the obvious, the day after the circumstances of the arrest were brought to the attention of the District Attorney's office, without a motion being filed, the case was unilaterally dismissed by the State. (*See* July 29, 2010 letter to ADA Gulley attached to Plaintiff's Exhibit A as Exhibit 3 and the case notes from *State v. Panagoulakos DV 3259/10* noting the State filed a *Nolle Prosequi* on July 30, 2010 attached to Plaintiff's Exhibit A as Exhibit 4).

26. Furthermore, as a direct result of the individual defendant officers' intentionally and knowingly providing false and misleading information to the Judge and Special Commissioner that issued the Order, Mr. Panagoulakos was held for 11 days at MDC without a bond or any opportunity to challenge his detention.

27. Similarly, after the actual circumstances of the arrest were brought to the Judge and Special Commissioner's attention, without a hearing, the hold was lifted and, and the Court *Su Sponte* found that Mr. Panagoulakos did violate the Order or any law. (*See* July 19, 2010 Release Order attached to Plaintiff's Exhibit A as Exhibit 5).

28. As a result of the intentional and knowing unlawful acts by employees of the City of Albuquerque, Mr. Panagoulakos was wrongfully arrested, his firearm and vehicle were wrongfully seized, he has been deprived of rights guaranteed to him by both the laws and Constitution of the State of New Mexico and the Constitution of the United States, and he has endured extreme emotional distress and other damages as a result.

29. Further, upon information and belief, even after the independent investigator hired by the City to investigate this matter agreed with Plaintiff and concluded the arrest was without cause and unlawful, neither the City nor APD has taken a single remedial action against any officer involved or taken any measure whatsoever to ensure that a similar occurrence does not occur in the future.

30. Lastly, as a result of the individual defendant officers collective actions, Plaintiff suffered emotional duress, lost employment opportunities, lost income, incurred unnecessary legal fees, lost property as a result of the unlawful seizures and is entitled to recover compensatory damages and punitive damages because Defendants Yazzie, Doyle, and Galindo acted maliciously and willfully and abused the authority entrusted to them as law enforcement officers and instead violated Plaintiff's clearly defined constitutionally protected rights they had sworn to uphold and protect.

## COUNT I
## VIOLATION OF THE FOURTH AND

## FOURTENTH AMENDMENT RIGHT TO BE FREE FROM WRONGFUL ARREST & IMPRISONMENT

31. Plaintiff realleges the preceding Paragraphs as though fully set forth herein.

32. Defendants Patricia Yazzie, John Doyle and Lieutenant Ricardo Galindo arrested and caused to be detained Plaintiff without probable cause or any justifiable cause or justification, and subsequently made knowing false statements to justify their unlawful actions that directly resulted in Plaintiff's prolonged unconstitutional detention.

33. The detention of Plaintiff was not justified or privileged under state law and constituted false arrest and imprisonment for which immunity has been waived by NMSA 1978 § 41-4-12 and for which the City is liable under the doctrine of *respondent superior*.

34. As a result of Defendants' actions, Plaintiff is entitled to recover compensatory damages and punitive damages because Defendants Yazzie, Doyle, and Galindo acted maliciously and willfully.

## COUNT II
## VIOLATION OF THE FOURTH AMENDMENT RIGHT TO BE FREE FROM ILLEGAL SEIZURE

35. Plaintiff realleges the preceding Paragraphs as though fully set forth herein.

36. On the day of his arrest Defendants Yazzie, Doyle, and Galindo, without consent, seized Plaintiff's vehicle and firearm, within the meaning of the Fourth Amendment.

37. Defendant individual officers did so without a warrant and without exigent circumstances and without any cause much less probable cause.

38. As a result of Defendant's actions Plaintiff suffered emotional duress, lost employment, in addition to his lost property as a result of the unlawful seizures and is entitled to recover compensatory damages and punitive damages because Defendants Yazzie, Doyle, and Galindo acted maliciously and willfully.

## COUNT III
## VIOLATION OF THE FOURTEENTH AMENDMENT'S
## DUE PROCESS RIGHTS

39. Plaintiff realleges the preceding Paragraphs as though fully set forth herein.

40. The Fourteenth Amendment Due Process Clause provides that no state shall "deprive any person of life, liberty, or property without due process of law." U.S. COST. Amend XIV, § 1.

41. There is a clearly established constitutional right to not to be deprived of property without any process or means to subsequently challenge the seizure or to be detained without cause and without being afforded any means or process to challenge the detention.

11

42. Plaintiff was deprived of his liberty interest when he was arrested without cause, notice or a hearing and subsequently detained for eleven days without bond or any means to challenge his detention.

43. Defendants afforded Plaintiff no process prior to arresting him without cause and seizing his vehicle and firearm and their intentional and knowing misstatements to MDC, the Courts, and the Das office directly and proximately resulted in Plaintiff's prolonged unconstitutional detention.

44. Plaintiff suffered emotional duress and lost income and property as a result of this unlawful arrest and dentition and the illegal seizure of his vehicle and firearm and is entitled to recover compensatory damages is also entitled to punitive damages because Defendants acted maliciously and willfully.

45. Plaintiff is also entitled to recover the costs of this action.

## COUNT IV
## NEGLIGENT HIRING AND RETENTION
## BY THE CITY OF ALBUQUERQUE
## CAUSING WRONGFUL ARREST AND IMPRISONMENT
## THROUGH THE REMEDY PROVIDED IN THE
## NEW MEXICO TORT CLAIMS ACT
## SECTION 41-4-12

46. Plaintiff realleges the preceding Paragraphs as though fully set forth herein.

47. Plaintiff's wrongful arrest and unlawful prolonged detention was proximately caused by the City's negligently hiring, training, and retaining of Officers Patricia Yazzie, John Doyle and Lieutenant Ricardo.

48. But for the negligent hiring, training, and retention of Officers Patricia Yazzie, John Doyle and Lieutenant Ricardo which proximately caused the wrongful arrest and imprisonment of Plaintiff, and all damages and harm he suffered as a result, would not have occurred.

49. The APD Police Chief Defendant has ultimate supervisory responsibility, and is named only in that capacity. This ultimate responsibility exists over a number of relevant strands of causation in this case. It includes responsibility over, among other things, policies and customs leading to: the hiring and retention of these officers; their deficient training regarding the requirement that they must reasonably and actually believe a crime has been committed before arresting and causing somebody to be detained without bond or a hearing.

## JURY DEMAND

50. Plaintiff requests a jury of six persons to hear this case.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully seeks the following relief:

(A) Declare the practices complained herein unlawful;

(B)     Order the Defendants to pay such compensatory and punitive damages as the jury may award;

(C)     Order the Defendants to pay Plaintiff's expenses, costs, and attorneys' fees under 42 U.S.C. Section 1983 & 1988;

(D)     Award Pre and post-judgment interest; and

(E)     Grant such other and further relief as this Court deems just and proper.

>Respectfully submitted,
>
>BARNETT LAW FIRM, P.A.
>
>By: *s/s Colin Hunter*
>COLIN L. HUNTER
>1905 Wyoming Blvd NE
>Albuquerque, NM 87112
>(505) 275-3200
>colin@theblf.com
>
>    -and-
>
>By: *s/s Chris Collins*
>CHRIS P. COLLINS
>1905 Wyoming Blvd NE
>Albuquerque, NM 87112
>(505) 275-3200
>chris@theblf.com

15