IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**SPERO PANAGOULAKOS,**

    **Plaintiff,**

v.                                                  Cause No. CIV 11-381 KBM/WDS

**Albuquerque Police Department Officer
PATRICIA YAZZIE, Albuquerque
Police Department Officer JOHN DOYLE,
Albuquerque Police Department Officer
Lieutenant RICARDO GALINDO,
THE CITY OF ALBUQUERQUE,**

    **Defendants.**

**ORDER DENYING DENYING DEFENDANTS' MOTION
FOR A PROTECTIVE ORDER AND TO QUASH SUBPOENA**

    **THIS MATTER** comes before the Court on Defendants' Motion For a Protective Order and to Quash Subpoena [Doc. 43]. Plaintiff has filed a brief in opposition to the motion, and Defendants have filed a reply brief. Having considered the submissions, the applicable law, and being otherwise fully advised, this Court finds that Defendants' motion is not well taken and it is denied.

**DISCUSSION**

    Plaintiff has sued the individual defendants and the City of Albuquerque for wrongful arrest, illegal seizure, due process violations, and for engaging in a pattern and practice of negligent hiring, training, and retention of officers with a documented history of committing civil rights violations. This motion arises from Plaintiff's attempt to depose the Chief of Police of the Albuquerque Police Department, Ray Schultz. Schultz was originally a named defendant in this matter. Early in the case Plaintiff agreed to dismiss Schultz as a named defendant in exchange for an agreement that Schultz would be made available for deposition "if there is a reasonable basis for Plaintiff to notice his deposition." Defendants filed this motion on the basis that Plaintiff has not shown the

extraordinary circumstances required before high ranking government officials can be deposed in a matter such as this.  Plaintiff responds that such circumstances have been shown, but also that he only agreed to dismiss Schultz from the case in exchange for an agreement that he would be produced for a deposition.  The parties appear to be in general agreement on the legal standard that applies in the absence of an agreement between counsel:  Because high ranking government officials have greater duties and time constraints than other witnesses. . . they "should not, absent extraordinary circumstances, be called to testify regarding their reasons for taking official actions." *In re United States (Kessler)*, 985 F.2d 510, 512 (11th Cir. 1993)(per curiam)(quoting *Simplex Time Recorder Co. V. Secretary of Labor*, 766 F.2d 575, 586 (D.C. Cir. 1985).

In the Court's opinion Plaintiff has made the required threshold showing of extraordinary circumstances required to conduct the deposition of Schultz.  Plaintiff has presented evidence that the City of Albuquerque has, for several years, been attempting to address a manpower shortage by hiring lateral transfers who take an abbreviated training course.  In 2007, approximately three years before the incident which is the basis for Plaintiff's complaint, an investigative report revealed that a significant number of the lateral hires had previous misdemeanor arrests, or had been sued in their previous employment, or been the subject of internal affairs investigations.  Schultz was quoted in the report as stating that he would look into raising the police department's minimum standards for employment.  Since it appears that Officers Yazzie and Doyle may have been hired laterally after Schultz made that statement, in the Court's opinion Plaintiff should be permitted to question Schultz on that topic.

Doyle has since been fired by the Albuquerque Police Department after being caught on video kicking a handcuffed subject, an incident that gained a certain notoriety.  Defendants argue that the incident is not really relevant to this lawsuit because Doyle's participation in the incident

involving Plaintiff was peripheral. That is true as far as it goes, but in the Court's opinion the significance of the Doyle incident, from Plaintiff's perspective, is not so much the use of violence by Doyle himself, but the fact that Doyle was terminated only after Schultz overruled the decisions of a Captain and a Deputy Chief that Doyle *be retained* on the force. As the Court reads Plaintiff's complaint against the City, he is claiming that Schultz' policies and decisions regarding the hiring, training, and retention of police officers have resulted in a climate in the Albuquerque Police Department where repeated civil rights violations are tolerated. Accordingly, it is not so much the kicking of a suspect by Doyle[1], but the reaction of high ranking police department officials, including Schultz, to the kicking, that is one of the subjects of Plaintiff's proposed deposition.

The Court also notes that Plaintiff has presented evidence of Defendant Yazzie's lack of training in connection with restraining orders, and her apparent erroneous belief that all restraining orders included a prohibition of possession of firearms. Defendant Yazzie appears to have been a lateral hire in one of the abbreviated training classes run after Schultz stated that he, as department chief, would be looking into raising the department's minimum standards. In the Court's opinion it is appropriate for Plaintiff to inquire what action was taken by the department, and by Schultz, following Schultz' statement.

As to the purported agreement between counsel regarding the deposition of Schultz, the Court does not accept Plaintiff's position that Defendants unequivocally agreed to produce Schultz for deposition in exchange for his dismissal. The letter in question states that Schultz would be produced "if there is a reasonable basis for Plaintiff to notice his deposition." On the other hand, the Court also rejects Defendants' characterization of "reasonable basis" as synonymous with a

---

[1]The Court notes that Doyle was dismissed as a defendant in this matter on April 11, 2012.

showing of "extraordinary circumstances." Extraordinary and reasonable are not synonyms, and a "reasonable basis" for Schultz' deposition is clearly a lower threshold than the "extraordinary circumstances" standard of Rule 26. However, in view of the fact that the Court has determined that Plaintiff has met the higher standard, the issue regarding the alleged agreement is moot.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Protective Order and to Quash Subpoena [Doc. 43] is DENIED.

 

_____

**W. DANIEL SCHNEIDER**
**United States Magistrate Judge**